## J. T. EVANS AND ANOTHER v. THE STATE.

A *scire facias* on a forfeited bail bond charging that it was taken, approved, and returned into court by the sheriff, is sufficient to put the obligors upon their defence; and if true, authorizes a judgment, although it was not formally approved by the sheriff, or otherwise certified, except by his endorsement upon the capias that such bond had been taken.

A return by the sheriff, "Service accepted of *scire facias*, and copy waived" is insufficient. But if judgment by default has been taken thereon, such defect not going to the foundation of the action, if not included among the errors assigned, must be regarded as waived.

ERROR from Walker. Tried below before the Hon. Peter W. Gray.

On the 19th day of November, 1856, a capias was issued by the clerk of the District Court of Walker county, directed to the sheriff of Trinity county, for the arrest of Henry A. Gindrat, to answer a charge of perjury, upon an indictment then pending against him. The sheriff of Trinity county returned the writ, with the endorsement that he had executed it, by arresting the

defendant, H. A. Gindrat, and taking bond with J. T. Evans and L. L. Marshall as his sureties, dated December 31st, 1856.

On May 1st, 1857, a forfeiture was taken on the bond for the default of Gindrat to appear to answer the charge, and a judgment *nisi* was rendered against the principal, and J. T. Evans and L. L. Marshall for the sum of $500, each. Afterwards a *scire facias* was issued by the district clerk against the said principal and sureties, which recited the pendency of the indictment, the arrest made, and that "the said Gindrat having entered into bond with J. Turner Evans and L. L. Marshall as his sureties in the sum of five hundred dollars, made payable to the State of Texas, and was taken and approved and returned into court by the sheriff of Trinity county, conditioned," &c. (reciting the usual terms of such bonds.) The *scire facias* alleged the forfeiture, and the rendition of the judgment *nisi*. The return of the sheriff thereon was as follows: "Received June 8th, 1857. Service accepted, and the copy waived, September 8th, 1857."

[Signed]             " A. Vinzant, Sheriff.

"By E. P. Word, Deputy."

At the Fall Term, 1857, the defendants failed to answer the *scire facias*, and judgment final by default was rendered against the sureties for the aforesaid sum.

The bond on which the judgment was rendered had on it no endorsement of its return or approval by the sheriff who took it, and was dated the 31st day of December, 1856, signed by Gindrat as principal, and J. T. Evans and L. L. Marshall as sureties.

The plaintiffs in error assigned as error, that it does not appear that the bond was taken by an authorized officer of the law, and also the illegality of the bond.

*Leigh & Baker*, for the plaintiffs in error.

*Attorney-General*, for the defendant in error.

Roberts, J.—The judgment must be affirmed, because, 1st, the return of the sheriff of Trinity county endorsed on the capias shows that such a bail bond was taken, and the *scire facias*

6Y

charges that it was taken and approved and returned into court by said sheriff. This allegation was sufficient to put the obligors upon their defence, and if true, as stated, it authorized a judgment, notwithstanding the bond upon which judgment *nisi* was taken was not formally approved by the sheriff, nor otherwise certified than that which is shown in his return upon the capias. (Hart. Dig., Art. 2889.)

The return of service upon the *scire facias* was defective, but no exception was taken to it in the court below, and it is not assigned as error in this court. The errors assigned relate solely to the bond.

Errors having been assigned, and this defective return not being included therein, it must be regarded as waived, as it does not go to the foundation of the cause of action. (O. & W. Dig., Art. 1927.)

Judgment affirmed.